case number. Oh, my gosh, 1528 people versus I counsel for the police court. Councilman is Patrick Cassidy, a representative of Helen Martinell Anthony. Drs. Before I begin, I just wanna recap a couple of recent developments regarding the supplemental briefing in this case. Argument one in our original brief was focused on the legislative intent behind the 2005 amendment to the unlawful use of a weapon by a felon statute, arguing whether that amendment supports multiple convictions where a defendant possesses a single loaded firearm. This court ordered, following the briefing, this court ordered supplemental briefing on people v. Johnson in Illinois Supreme Court case. And there, Johnson, like the defendant in this case, the defendant was a felon, he was in possession of a single loaded firearm, and he was using a weapon by a felon and aggravated unlawful use of a weapon. And the Supreme Court in that case said that the legislator intended the more serious offense to be aggravated unlawful use of a weapon, and therefore there should be one conviction for that offense. They vacated the unlawful use of a weapon by a felon. Excuse me, these are wordy statutes. Now, we filed supplemental briefing as the state. The state has moved to file a corrective brief. I saw this morning, this was allowed. Was this the first time you saw it? No, no, no, no, I was, no, no, we've been in contact. And so basically we now agree that Johnson doesn't control this case. Okay, let me ask you this. You two agree, but based on his background, the UUW offenses and the aggravated UUW subjected him to mandatory class X sentencing. That's what the record reflects. That's what the parties agreed to. And you can review the record and you'll see it. That at sentencing, he, because of his prior two class twos that had occurred, one conviction after the other, and he was over 21, was put to bed, I do want to at least briefly ask you if all of them, and apparently they are, if the three counts that he was convicted of, or at least let's say the one with the gun and the one, the aggravated loaded gun case, if they're both class X felonies. What are class X felonies? Pardon me? He had to be sentenced as a class X felon mandatorily under the statute. I can refer you to which one, but at the hearing, the judge, the public defender, and the state's attorney all agreed he was mandatory class X for either of these because they were both class twos or greater. So now what do we do? Is it a class two? I'm sorry, I'm throwing this at you. It's not mandatory class X sentencing. No, but is it a class two? They're both class twos. Because in Johnson, one was a class three. Right. That conviction in this case is a class two. So they're both class twos. So to that extent, Johnson doesn't really tell us what to do in this case because we have two class twos as opposed to Johnson having one class two and one class three. That's correct, but I don't think anybody paid attention to it, but I've read it, and at the hearing, the judge asked everybody about whether or not he was a mandatory class X sentence, and indeed, he was, and it was because he has, if you're familiar with his background, he had two class Xs. I'm just telling you what the record says. You can say he's not a class X. My question is, does that make a difference? Well, before we get there, can I just ask you why you think he's not class X? Because the prior burglary conviction is what elevated this offense to a class two. It's also what is based, it's also a double enhancement. It's a double enhancement, and if this court is going to entertain increasing this man's sentence, I beseech you to order settlement. The question goes back to Justice McBride. The aggravated unlawful use of a weapon was already a class two, and he was eligible as a class X because of that conviction. So pardon me, but the UUW doesn't make him class X. The aggravated UUW, which is based on just prior felony and a loaded gun, made him a mandatory class X. The conviction that he does not... That was already a class two. It wasn't enhanced because of the forcible felony under the UUW. But this is the finding that there's no sentence on it, right? Pardon me? There's no sentence on the aggravated unlawful use of a weapon. Because the court at that time, at least it appears, thought that this was the greater offense. But there's legions of cases that say that when a court imposes a sentence on the lesser offense but had entered a finding of guilty on the greater offense, the appropriate remedy is to vacate the lesser and impose on the greater. The trial judge didn't do that, did he? My recollection is he said there was a double enhancement, and he... I mean, this is an adjudicator, right? When did he say it was a double enhancement? I believe they moved. He was given an eight-year sentence as a class X. Right, and then there was a motion to reduce sentence. Did they change the classification of the sentence, the six-year sentence that he ultimately got? Do you recall? From a class X to a class two? Class X was entertained and rejected in the trial, right? He found him guilty of three counts. It's on the record. He found him guilty of the aggravated UUW involving a felon with a loaded gun, you know, easily accessible. Then he found him guilty of two UUWs, one with a gun within having been convicted of a felony, and then he found him guilty of the ammunition. And then he entered a sentence on the two UUWs and merged the aggravated UUWs. Right, and that's what we... Let me ask you a more basic question, going back to Justice Gordon's point. Do you agree or disagree or you really don't know whether, once a guilty verdict is entered, and they were, a guilty verdict was entered on all three, and one count is merged into what the judge believes is a more serious offense. Can he undo that merger and, or can we undo that merger and, in fact, proceed on the guilty finding that he originally entered if we decide that the one he merged into was the more serious offense? Do you have the following? I understand what you're saying, Your Honor. So the question is, is that possible? Is that permitted? Justice McBride just pointed to a lot of cases saying that it is permissible. Do you agree with that? I don't, Your Honor, because I don't... Well, do you have anything to say that you should disagree? Do you have a case that says you disagree? Your Honor, I... That says it's not proper. Well, how about Supreme Court Rule 615B? Reviewing court has the power to reduce the degree of the offense, but not to increase. But we're not invoking 615B. Mr. Cassidy, you're put at a disadvantage here. Neither of you has had the opportunity to address this, and we're not going to let that go without you having an opportunity to address it in writing. So don't be concerned. I want you to know that we would agree to let you both respond to this issue, because it really hasn't been flushed out yet. So do you understand the issue? I do understand. I guess my question, Your Honor, is could I have appealed the sufficiency of the evidence on the aggravated unlawful use of a weapon behind me? Absolutely. Well, Your Honor, there are cases that say that I can't. Oh, because once it's merged? In fact, I lost the case. I know that there are cases that say that I can't. I wasn't relying on that. I've lost a case in this court. But let's say we undo it, and we remand for a resentence. And then once he's resentenced on that unmerged conviction, he can then appeal. And then at that point, he might be able to challenge the sufficiency of the evidence on this unmerged conviction in his subsequent appeal. But he can't do it now, because it's really not an issue before. It's merged. And if we're not going to unmerge it, then we leave it. But if we send it back for resentencing, then he's going to have a new right to appeal. And at that point, I think he might be able to. But in the instance you discussed, I think you're right. You can't. You can't challenge the sufficiency of the evidence. If the greater offense were under this scenario, the aggravated unlawful use of a weapon, and we vacated the UUW and imposed the same sentence that he received six years ago, would you be opposed to that? No. No. No. I was just curious. You're right. I mean, I guess I look at this case as just, you know, here's two convictions for unlawful use of a weapon. I don't think the legislature intended that. Why don't we address that point? Let's move on to that. But I did not, you know, contemplate that I was putting my client at any risk. Let's go on to whether or not what the purpose behind that 2005 amendment really was. Well, I think it's ambiguous. Well, let's clear up that point right there. You say it's ambiguous. Is the amendment ambiguous or the purpose behind the amendment ambiguous? It seems to me that the purpose behind the 2005 amendment is crystal clear. It was in response to the Supreme Court's decision in Carter. And once you – well, do you agree that the purpose behind the amendment is crystal clear? I agree it began that way. Well, the purpose behind – if you're talking about the language in the amendment that may still be ambiguous based on your reading of it, that's different. But the purpose behind the legislature actually amending that UUW section or adding that subsection E, the purpose behind that was clear, wasn't it? It was in response to something about Carter, certainly. But Carter did involve a gun that was loaded. It did, it did. It involved four – So could it have been to reaffirm Carter, to say that it was, in fact, not meant to allow multiple convictions? Could it have been that? Seriously? No, no. They wanted to allow multiple convictions under – Right. So that's – so it's clear purpose behind the amendment that multiple convictions were going to be allowed. Now the question is, does the language support their clear intent? Or is there some reason that we should find it once again ambiguous and perhaps impose that rule of lenity once again as the court did in – Right. I agree completely. The Carter court said that the question was the minimum – the allowable unit of prosecution. And – So the 2005 meant to increase the allowable unit of prosecution. But how much? That's the question before this court. All right. Well, you know, do you agree we don't go looking at the language or the discussion or the debates if the language is clear? First we look at the language. The language is the best indicator. What does the or mean? There's a case out there recently about, you know, language that they use. If we have to go to that at the end of the day. What does the every – any firearm or ammunition – what does the conjunction mean? It means some – certainly in some instances ammunition is going to support a conviction. All right. And you believe it means only if the ammunition is outside the gun? Yeah. We don't think – exactly. We don't think that the legislation is thinking of a loaded gun because – But what about the Supreme Court's comment that they clearly understood how much more dangerous a gun that's loaded is in the hands of a convicted felon versus an unloaded gun? They did comment that. And as proposed, as the language proposed by the House of Representatives, it would have made a separate violation for each firearm and ammunition for that firearm. But did they have to say that? They said any firearm or firearm ammunition. What did they mean by that? That's the question. I – They didn't mean – It's not very clear, is it? It's not to me. Not in light of the original proposal in the House of Representatives. All right. I mean, if we're going to allow multiple convictions for a loaded gun, how many convictions can we get out of a loaded gun? How about a gun that shoots 129 bullets? We get 129 convictions? That – I don't think that applies at all. It always depends on what the prosecution chooses to do. Not only that – In this case, they didn't charge him with the ammunition in the back of the car. They chose to charge him with an aggravated UUW. They chose to charge him with a UUW based on his felony conviction. And they chose to charge him with a count for the bullet, the ammunition that was in this gun. The prosecution always decides which it will be. Mr. Cassidy, let me go to a – directly, directly to what Justice Gordon mentioned and Justice McLaren put forth in his dissent in Carter, eventually accepted by the Supreme Court. You have – it is certainly true that individuals can be charged for possessing ammunition. Are you aware – and ammunition comes in a box. And a box can hold 30 bullets. Are you aware of a single case in all of Illinois where a prosecutor has charged an individual possessing a box of ammunition with 30 counts of UUW? No. Because ammunition is singular or plural. But if it's more than one, then that ammunition is one charge, leads to one charge. It doesn't matter how many. So the fact that there are six bullets in a gun doesn't mean that there are going to be six bullet-related UUW charges. It means that there's going to be one because all six are taken together. And McLaren's point, I thought, was way off base. I guess – but ammunition, I believe, is defined as a target. It doesn't matter what it's defined as. How – if it's – let's say it is defined that way. But is there a single case in Illinois? Because there have been cases where people are charged with just ammunition without a gun. Is there a single case in Illinois where there's multiple counts of ammunition based on the number of bullets that were in the box? No. It can't happen. It doesn't happen. It's not practical. If you were to simply look at Mr. Cassidy at the charge, aggravated UUW versus UUW, and in this case, the UUW statute doesn't have – they don't have a separate charge for a loaded gun. But if you looked at the aggravated UUW statute and you compared it, just a basic comparison, would you think that the aggravated UUW statute in this case, which required that it be loaded, uncased, and easily accessible – oh, I forget the actual language. Right. Would you consider that more serious than a UUW where the gun is not loaded and the person – but in each case he has a prior felony conviction? Well, Your Honor, in this case – well, in this case, I guess it comes down to how we – what do we mean by serious? In the normal case, I think you're right. The Gardenbride felony on his record, ag UUW is more serious. That's what Johnson said. But they did look at the penalties. That's one thing we're supposed to look at. And the state – and I think you agree that here the legislature made this 3 to 14 if it was a forcible felony, and then the aggravated UUW with a loaded gun and a felony is 3 to 7. But I guess, you know, like I said, we'll allow both of you to address this other issue, and that is that because he had the aggravated UUW, which was a Class 2 before the other UUW became elevated to a Class 2, the parties and the judge all indicated on the record that this was mandatory Class X. Let me interrupt you very quick, Ms. Cassey. I'm sorry. You've gotten very little time here. But I do want you to make sure that you are – it's your understanding, my understanding, that when an individual is sentenced as a Class X offender, that is a sentence only. It doesn't change the classification of the charging offense. That's correct. So that if you're sentenced as a Class X offender, you're still – you've been convicted of a Class 2. It's just that the sentence itself is the greater penalty you face because of your background. But it doesn't change the classification. Can you account for the language, though, that then says that this becomes – or he shall be sentenced as a Class 2 with three to – so there is a problem with that. The language says that it's a Class 3. But if he's been convicted of a forcible felony, then he shall be sentenced. Well, that sounds more like – that's within the UUW statute itself, which sounds like that is making that UUW, based on a prior felony conviction, a Class 2 offense and not a Class 3. Right. As opposed to – He has a Class 2. Yeah. I agree. Sorry. Do you want to try to finish up here? I'm going to give you time for rebuttal. Okay. In conclusion, I think it's ambiguous. Perhaps they did want – we don't know for sure. Carter asked for a specific statute. Let me just try to clarify one other point. It seems to me that you're asserting that possession is a single act to – under the one act, one crime defense that you assert, that possession itself is one act. They're similar, yes, to the one act, one crime. But that was the argument put forth in – I forget the name of the case, but it's with the controlled substances. Manning. Oh, Manning, right. And the Supreme Court said, you know, because the way it was written, it may be possession of a single – it's a single possession of however many controlled substances the person has. But they changed it, and now it's a separate conviction. Well, and my point is that possession here may be subject to the same sort of amendment, where it can no longer be a question of possession. That you can possess a loaded gun is the same as possessing an unloaded gun because the statute's been amended. Do you understand? I understand your point. All right. We're going to give you a few minutes to reply. Thank you, Your Honor. Good morning, Counsel, Your Honors. I am Assistant State's Attorney Mary Needham, and I represent the people of the State of Illinois. Can I ask you a question right off the bat? How many convictions can you obtain on a loaded firearm? You could be convicted of two counts, possession of the firearm and possession of the ammunition. And the fact that there's numerous cartridges doesn't change the charge. Certainly this case illustrates perfectly. There was one charge of possession of ammunition. He was tried on one charge and found guilty of only one charge, not multiple charges for each individual cartridge. Even though it was clear that he had more than one cartridge in the gun. He had way more than one. How many did he have? Well, 94. Oh, but in the gun. Right, in the gun. It's not certain, but it was loaded. And he did have a box of ammunition, which could have triggered. Well, they didn't even charge on those, though, right? Maybe he did charge. It was charged. There was evidence of it. The trial court said it was not considering that when he found him guilty. Well, if this is a Class X, or at least he's required to be sentenced as a Class X, does that change anything that you've indicated in your supplemental brief? Or do you believe that the UUW is greater than the aggravated UUW in this case? I don't really feel prepared to answer that question until I research it further. But with regard to the arguments that the defendant raised in his brief, it's definitely our position that two convictions for UUW by a felon are completely proper, because there were two different offenses, possession of a firearm and possession of an ammunition. Why do you think that's permissible under the amended statute? Because the legislature was perfectly clear in the language that it used. What language do you say allows that? Possession of each firearm or ammunition in violation of the statute. What about that 4 in there? I mean, doesn't that 4 suggest that the state has to choose between charging him with the gun or the ammunition, but it doesn't allow them to charge both the gun and the ammunition? I see it just the opposite, that it provides that they can use either. But it's certainly possible to interpret it that way, isn't it? I don't think so. Well, what did the controlled substance say? The controlled substance act, this is the identical language from the controlled substances act. It says each of the controlled substances constitutes a single and separate violation of the act. What does this say? Does it say each or does it say something different, slightly different? It says possession of each firearm or firearm ammunition. Right, and there it is, each firearm. So if you charge on firearms and you have multiple firearms, you can be convicted of more than one UUW with a firearm. But if you have multiple bullets, you're not going to charge a multiple. No, not multiple bullets, but again, if the legislature intended to only apply to firearms, they wouldn't have included this language about firearm ammunition constituting a single or separate violation. Well, let me ask you, let's say the guy, this guy didn't have it, but let's say an individual does have two firearms on his possession. Is he charged with two counts of firearm possession? Yes. Or is he charged with one? Yes, I would say so. But let's say he's charged, he has in his possession two boxes of ammunition. Is he charged with one count of UUW based on ammunition or is he charged with two counts of UUW by ammunition? I would say one. Right. And yet the language of the statute reads the same for both firearm and ammunition, and yet you want to treat the language in the statute to allow multiple convictions for a firearm but only one conviction for ammunition when there are two boxes just like there are two guns. Well, I think it goes to the fact that ammunition does refer to a single. But the language is the same. That's my point. Isn't ammunition singular or plural? Can't it be a singular or plural noun? Yes. And don't you think that whether somebody's charged with two boxes and two counts is really a charging decision that's made on a case depending on what is decided at some other level? Certainly not here. Right.  Is there a difference between drugs, two substances, cocaine and heroin, and a bullet that's already in a gun? Yes. Well, that's the whole point that the legislature said, two different items of contraband. There are numerous controlled substances, and in this case there's two items of contraband, a gun and ammunition. And in controlled substances cases you can have one item that contains more than one controlled substance, and that is going to support two convictions. Very almost identical language in the Controlled Substance Act has been adopted in this act. If you can possess nine packets of heroin and be charged with one count of possession of heroin, why can't you possess nine firearms and be charged with one UUW for that firearm, just like you can possess nine boxes of ammunition and be charged with one count of UUW with ammunition? Well, because the legislature has been pretty clear in saying that for instance... Aren't you saying that based on the Controlled Substances Statute, that nine packets of heroin leads to one count? It depends on the weight. It depends on the weight. That's the charge. That's the charge. It doesn't make any difference whether it's one gram or less than one gram. We're talking about nine packets of heroin. Of the same substance. Of the same substance. Right. It leads to only one. Right. And you're relying on that statute to a similar amendment to the UUW to say that in the UUW statute, you can have nine firearms and be charged with nine counts. Right. Why? Because you can have nine different controlled substances and have... We're not talking about nine different controlled substances. We're talking about one controlled substance just like one... It's either firearm or ammunition. It's a firearm. They're all firearms. Right. Even your opponent, though, concedes that if there's nine guns, he has no problem with there being nine charges. What he has a problem with is a charge involving a loaded firearm. And he takes a position and certainly an interpretation that we need to look at, and that is whether the legislature intended to have multiple charges for ammunition inside a gun versus what I believe counsel indicates would be permissible, and that would be bullets outside a gun. But the question is, was the legislature attempting to address the danger of a felony with a loaded gun versus an unloaded gun? Absolutely. Well, let me ask you about that. Was there anything in the legislative history to suggest that they were making a conscious decision regarding that enhanced danger with a loaded gun? Well, in the first place, the language is clear. I understand that. But if we're going to look at the legislative history, I think it clearly indicates they were. The decision seven months after the legislative enactment, seven months after the Carter decision which said, yes, we agree with the state that a felon who is armed with a loaded weapon is more dangerous than a felon who has merely ammunition or an unloaded weapon. So, yes, I think the legislature. But they didn't enhance the sentence. They did not, but they found that the defendant would bear two convictions instead of just one. All right. All right. Anything further? No, Your Honors. For the reasons in our brief, we ask you to affirm his two convictions and, of course, if we're going to have the opportunity to address the Class X question that this Court has. We'll ask them to file something in writing within. Are we going to let them? Yeah. Okay. We'll finish it off. Mr. Cassidy? Your Honors, I just spoke and I said it wasn't Class X because of double enhancement. It's because of the time. Your Honors, he was convicted. The timing of what? The prior convictions. Which one, though? Wouldn't the UUW be in Class III normally except this? If I could just get through this. He was convicted of drug cases that were committed in 2002. He was convicted in those cases in 2004. In the meantime, he picked up a 2003 burglary charge for which he was convicted after the conviction of the drug cases. He's not Class X mandatory on those cases. And if I'm wrong about that, then I am absolutely ineffective because that is what I was basing my decision to go forward with this appeal on. So if I'm wrong, and maybe I am wrong, if I am, I'm definitely ineffective. Well, Mr. Cassidy, I do want to hear from you. Are you saying that they were incorrect at the trial court level? That's very possible. You're saying that he wasn't Class X eligible. I thought he had a Class II, the first one. Then he had another Class II, which was the burglary. He was over the age of 21. He was tried and convicted of those two. But then when he got this aggravated UUW, which is a Class II to begin with, then he was Class X eligible. With prior convictions, my understanding of the Class X sentencing statute, it had to be brought separately, tried and convicted. There's a certain order. And that order wasn't done there. Okay. What did happen here? My record says that the prosecutor says the defendant is mandatory Class X. The public defender disagrees based on timely convictions. He was sentenced on burglary on January 26, 2004, and then sentenced on all drug cases on March 19, 2004. But those drug cases preceded the burglary. I have under there correct. And then I have in my previous notes. So that makes sense. You believe he wasn't. And it's very possible he wasn't. Just because they all agreed to it doesn't mean that it's accurate. And it was my mistake to think that it was because of double enhancement. So I guess we'll rest on our previous notes. All right. We do want to allow. Well, I mean, do the parties feel that we need additional briefing on whether or not, you know, the offense, one is greater than the other or not? I mean, I think that if your statement is correct, Mr. Cassidy, then he's not really Class X eligible that, you know, there was a mistake made. Perhaps the parties can, you know, decide whether after they both have a chance to look at the record whether there needs to be further briefing. Perhaps like this. If we can look at the record and then. Why don't we do it this way? If anyone is going to file additional brief, we ask you to do it by March 8. And if you don't do it by March 8, it's lost. The record will be available for the parties. And, you know, if the parties can agree that the conviction didn't occur in that order and that he wasn't Class X eligible, a stipulation to that agreement would be very helpful. And then we'll know we're not going to be getting any briefing on it. Thank you. All right. Thank you. All right. The case will be taken under advisement. We're going to take a short recess.